**In re Dennis John CAMPBELL, et al., Petitioner.**

No. 06–2759.

United States Court of Appeals, Third Circuit.

Submitted Under Rule 21, Fed. R.App. Pro. June 15, 2006.

Filed: June 28, 2006.

---

1. We have jurisdiction under 28 U.S.C. § 1291. Our review is plenary. *Walker v.*

*Horn*, 385 F.3d 321, 328 n. 19 (3d Cir.2004).

Dennis John Campbell, Camp Hill, PA, pro se.

Mindy Jaye Zied–Campbell, Camp Hill, PA, pro se.

Before: SLOVITER, McKEE and FISHER, Circuit Judges.

## OPINION

PER CURIAM.

Pro se petitioners Dennis John Campbell and Mindy Jaye Zied–Campbell filed a petition for a writ of mandamus pursuant to 28 U.S.C. § 1651. Petitioners seek review of various orders of the United States District Court for the Eastern District of Pennsylvania. We will deny the mandamus petition.

In 2003, petitioners filed an amended complaint against the United States Postal Service and the Postmaster General, seeking damages for violations of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* On October 18, 2005, the District Court granted the defendants' motion to dismiss all claims against them except a claim based on derogatory employment references. The District Court also denied petitioners' request for certification pursuant to Fed.R.Civ.P. 54(b). Petitioners appealed, and on March 15, 2006, this court dismissed the appeal for lack of appellate jurisdiction. *See* C.A. No. 05–4794. In their mandamus petition, petitioners seek reversal or vacation of various orders of the District Court in this civil action, including the October 18 order.

The remedy of mandamus is reserved for the most extraordinary of circumstances. *DeMasi v. Weiss,* 669 F.2d 114, 117 (3d Cir.1982). In order to ensure that mandamus is sparingly granted, a petitioner seeking a writ of mandamus must demonstrate that no other adequate means are available to obtain the desired relief and that the right to issuance of the writ is "clear and indisputable." *Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). A mandamus petition is not a substitute for an appeal; if a petitioner can obtain relief by an ordinary appeal, a court will not issue the writ. *See In re Ford Motor Co.,* 110 F.3d 954, 957 (3d Cir.1997).

Here, petitioners have an alternative means to raise challenges to the District Court's orders in the form of a proper appeal. The appeal may be commenced after the District Court has entered a final and appealable order. Accordingly, the petition for a writ of mandamus will be denied.